Taylor v. Scherpe & Koken Architectural Co.

JOSEPH AND MARY TAYLOR, Appellants, v. SCHERPE & KOKEN ARCHITECTURAL COMPANY, Respondent.

St. Louis Court of Appeals, December 8, 1891.

1. **Practice, Appellate:** APPEAL FROM ORDER SUSTAINING MOTION FOR NEW TRIAL: WEIGHING THE EVIDENCE. If the circuit court grants a new trial on the ground that the verdict is against the weight of the evidence, and the party in whose favor the verdict was found appeals from such order, this court will examine the evidence, not to weigh the same, but only to see that the trial court has not acted arbitrarily in setting aside the verdict; and, unless that court has so acted, this court will not interfere with the ruling appealed from.

2. ———: ———: CONSIDERATION OF VIEWS EXPRESSED BY TRIAL COURT IN WRITTEN OPINION. A trial court sustained a motion for new trial and specified in its order, as the ground of its ruling, that the verdict was against the weight of the evidence. On the same day it filed an opinion in writing, setting forth the process of reasoning by which it had arrived at its conclusion. *Held*, that this opinion formed no part of the record, and that this court could only consider the conclusion specified by the trial court in its order.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Frank A. Hobein* and *Edmond A. B. Garesché*, for appellants.

(1) Under the enactment of 1891, appellants have an undoubted right to appeal from the judgment of the

trial court in this case, sustaining respondent's motion for a new trial, and this court is now invested with the jurisdiction to determine the propriety of the action of the circuit court in granting to respondent a new trial in this case. Laws of Mo. 1891, p. 70. (2) In undertaking to set aside the verdict in this cause for the reasons assigned in its memorandum, the trial court invaded the province of the jury, exceeded its prerogative, and to this extent erred in a matter of law. *Peck v. Railroad*, 31 Mo. App. 123 ; *State v. Jackson*, 99 Mo. 60 ; *Price v. Lederer*, 33 Mo. App. 426 ; *Edwards v. Crenshaw*, 30 Mo. App. 510 ; *State v. Hicks*, 92 Mo. 431 ; *Vinegar Co. v. Guggemas*, 98 Mo. 391 ; *Brown v. Railroad*, 99 Mo. 310 ; *Hill v. Scott*, 38 Mo. App. 370 ; *Oglebay v. Corby*, 96 Mo. 285 ; *State v. Kring*, 1 Mo. App. 447.

*Rassieur & Schnurmacher*, for respondent.

BIGGS, J.—The plaintiff, Mary Taylor, the wife of her coplaintiff, Joseph Taylor, sued the defendant in this action for personal injuries received by her through the alleged negligence of one of the defendant's servants. On a trial before a jury she recovered a verdict for $2,500, which the court on the defendant's motion set aside. From the judgment or order of the court sustaining the defendant's motion for a new trial, the plaintiff has prosecuted this appeal, and has assigned this action of the court for error.

So far as we are advised, this is the first case to reach an appellate court under the recent amendment to the practice act, which permits a plaintiff to appeal from an order of the circuit court granting the defendant a new trial. The amendment engrafts upon, or rather injects into, appellate practice an entirely new feature; and before we proceed to the discussion of the present case we must so to speak, take our bearings and ascertain in what manner the questions presented

by such a record must be reviewed. Are the same rules of appellate practice as heretofore to govern concerning questions as to rulings on the weight of evidence, or does the amendment necessarily work a revolution in this respect ? The argument of the appellants' counsel seems to proceed upon the idea, that, where the trial judge grants a new trial on the ground that the verdict in plaintiff's favor is against the weight of the evidence, the appellate court must also look into and weigh the evidence, in order to properly review the action of the lower court. On the other hand, it is suggested that the evident intention of the legislature was to put plaintiffs and defendants on an equal footing in respect of the granting and refusing of new trials, and that the appellate procedure must, in the one case, be the same as in the other.

The amendment to section 2246, Revised Statutes, 1889 ( Laws of 1891, p. 70 ), reads : "Any party to a suit aggrieved by any judgment of any circuit court, in any civil cause from which an appeal is not prohibited by the constitution, may take his appeal to the court having appellate jurisdiction from *any order granting a new trial*, or in arrest of judgment, or dissolving an injunction, or from any interlocutory judgment in actions of partition which determine the rights of parties, or from any final judgment in the case, or from any special order after final judgment in the cause ; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

We find nothing in this amendment, or in its practical application, to warrant the conclusion that there must necessarily be any material change in the principles of appellate procedure. If the plaintiff secures a verdict and the trial judge sets it aside, because in his opinion some incompetent evidence has been admitted

over the defendant's objection, or that some competent evidence offered by the defendant on the trial was excluded, or that error was committed in giving or refusing instructions, it is plain that all such questions would be subject to review on appeal. And it is equally clear to us that in a case like this, where the new trial is granted for the reason that, in the opinion of the trial judge, the verdict is opposed to the *weight* of the evidence, the ruling must be reviewed in precisely the same way as if the motion had been overruled and the defendant had appealed. The rule of appellate practice governing such cases is very succinctly stated by Judge PHILIPS in *Whitsett v. Ransom*, 79 Mo. 258. He said : "It is rarely the case that appellate courts interfere with the discretion of the trial courts in directing a new trial on a mere question of weight of evidence. The credibility of witnesses and the probative force of a given fact are peculiarly within the province of a jury. It is only where this court is well satisfied of a palpable disregard of law and evidence on the part of the trial jury, and *that the trial court in refusing a new trial has wrought manifest injustice, or shown an unjudicial bias*, that it feels it to be its duty to interfere." We think that this rule can be readily applied to appeals like we have here. *We* cannot weigh the evidence, because we are not in a position to judge of its weight. We can only look into it and determine whether the trial judge acted arbitrarily in setting aside the verdict, and, if we find that he did, we may interfere and save the plaintiff from the consequences of the injustice.

Section 2241, Revised Statutes, 1889, among other things, provides that "every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." In the present action the order sustaining the defendant's motion is as follows: "It is ordered by the court that the motion heretofore filed herein for a new trial be sustained, for

the reason that the verdict of the jury was against the weight of the evidence ; that the judgment heretofore on May 26, 1891, rendered herein be, and the same is, hereby set aside, and this cause reinstated and continued.'' On the same day a written opinion was filed giving the reasons for the conclusion arrived at by the trial judge. The plaintiffs' counsel have very ably argued that the reasons given by the court for its judgment are untenable, and that its conclusion or judgment must, therefore, be held to be wrong. The trouble which we encounter in considering this argument is that the written opinion of the judge can form no part of the record. The statute says that the ground or grounds upon which the motion was sustained must be stated in the order sustaining the motion. That was done in this case. Besides, we have to do with what the court *decided*, and not with the *process of reasoning* by which its conclusion was reached.

Now, if we must review the action of the court in the same way as if the motion for new trial had been overruled, and this was the defendant's appeal, we apprehend that the plaintiffs' counsel would not contend that the evidence was of such a character that we could reasonably reach the conclusion that the trial judge, in passing on the motion, acted arbitrarily, or with "unjudicial bias" as Judge Philips puts it in the *Whitsett case.* In determining this question, we might look to the reasoning of the court, if the opinion of the court could become a part of the record by incorporating it in the bill of exceptions. This we cannot do, for the reason that the order sustaining the motion is the *only* matter of exception.

The plaintiff was injured by being run over and knocked down by a horse and wagon driven by a boy, who at the time was in the service of the defendant. The real and vital question was, whether the accident occurred on account of the reckless driving of the boy,

or because the horse was frightened by passing locomotives and was running away. The defendant introduced three or four witnesses whose testimony tended to show that, at the time of the accident, the horse was running away with the boy or seemed to be beyond his control. The boy also so testified. The plaintiff introduced one witness who saw the accident. He said that the horse was not running but only trotting. One or two other witnesses, introduced by the plaintiff, testified that they saw the horse immediately after the accident, that it was only going at a fast trot, and that the boy stopped it in a very short distance. This fact was also sworn to by one or two of the defendant's witnesses, and it is certainly of itself a very strong circumstance that the horse was not running away when the plaintiff was run over and hurt. But when we look at the whole evidence, and consider that the trial judge saw the witnesses, we cannot convict him of partiality or the wrongful or arbitrary exercise of a judicial discretion.

The judgment of the circuit court sustaining the defendant's motion for a new trial will be sustained, and the cause remanded to the circuit court for further trial. All the judges concur.