DANIEL REISERT by next Friend, Respondent v. JAMES E. WILLIAMS, Appellant.

### St. Louis Court of Appeals, November 9, 1892.

1. **Master and Servant:** OBLIGATION OF MASTER TO NOTIFY SERVANT OF SECRET DANGERS IN THE USE OF IMPLEMENTS. A master is bound to see that his employe— in this case a youth, fifteen years old—has reasonable notice of a hidden danger in the use of an implement furnished by him to the employe, when such danger is known to him, but is one of which the employe might be ignorant without blame, and of which he may reasonably be supposed to have in fact been ignorant at the time he was hired.

2. **Negligence:** INSTRUCTIONS. An instruction in this cause required the jury, as conditions to a verdict for the plaintiff, to find the acts of negligence complained of, and, further, that the plaintiff "was injured in consequence thereof." *Held* that, although the instruction might have been more specific, it sufficiently required a finding that the negligence was the cause of the injury sued for.

3. **Practice, Appellate:** WEIGHING THE EVIDENCE. A verdict in an action at law will not be vacated on the ground that it is against the weight of the evidence, unless it is so opposed to all the probabilities as to clearly indicate bias; nor is this rule affected by the law of 1891. (Session Acts, 1891, p. 70.)

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*James C. McGinnis* and *C. A. Schnake,* for appellant.

*Virgil Rule*, for respondent.

ROMBAUER, P. J.—The plaintiff, a boy fifteen years of age, was employed by the defendant as an apprentice in a blacksmith shop. His duties among other things consisted of working the bellows of the forge and attending to its fire. After he had been thus employed for about two months, the bellows exploded and caused a piece of iron about thirty pounds in weight, which was on top of the bellows, to fall on his toe, mashing it, in consequence whereof he was disabled from work for about three months, and had some of the bones of the toe extracted, suffering great pain and permanent disability in the use of his toe. He thereupon brought the present action, and upon a trial thereof before a jury recovered a verdict and judgment for $300, from which the defendant appeals.

The petition charges the negligence causing the injury to have consisted of the facts that the flue of the forge was negligently constructed and out of repair, and the bellows and forge was an unsafe and dangerous implement to operate unless the manner of its operation was thoroughly understood, and yet, although it was the defendant's duty to instruct the plaintiff how such bellows should be operated, he failed to do so, whereby the accident occurred resulting in plaintiff's injuries. The answer, which was replied to, was a general denial and a plea of contributory negligence.

At the close of the plaintiff's case the defendant moved for a nonsuit which the court refused, and this is the first error complained of.

The plaintiff's evidence, which alone we can consider in determining the propriety of the action of the court in this particular, tended to show the following facts: Explosions of bellows are generally caused by

the gases, which enter the bellows from the forge and form in the bellows an explosive mixture, which ignites when brought into contact with the forge fire. This may happen either by bringing the top of the bellows down too rapidly, and thereby sucking the gases of the forge into the bellows, or by confining the gases in the forge by overheaping it with fresh or green coal, or by both causes combined. The fact that the bellows have a hole in them, or are held at an elevation above the forge, or that the flue of the forge fire has insufficient draft, has a tendency to increase this danger. The bellows in question were hung at an elevation of seven feet above the forge, had a hole in them, and, according to plaintiff's evidence, the flue of the forge stopped short of the roof of the shop. The accident occurred immediately after the plaintiff commenced to work the bellows on one occasion, and, under plaintiff's evidence, was presumably the result of the forge fire being overheaped with fresh coal, preventing the escape of gases through the flue, aided by the imperfect draft of the flue, the hole in the bellows and the elevation of the bellows, and the elevation of the bellows above the forge. The plaintiff testified pointedly that he never received any other instructions in the use of the bellows than that he was not to pull down the pole too suddenly. Two expert witnesses, on his behalf, testified that other instructions than those were necessary to avoid the ordinary dangers of explosion in operating bellows.

It will appear from the foregoing statement that the court did not err in refusing to instruct the jury that the plaintiff could not recover on this evidence. ,'Employers are bound to furnish their employes with a reasonably safe place in which to work, considering the character of their business, and are bound to see that their employes have reasonable notice of any hidden danger, known to the employer, but of which

the employe might be ignorant without blame, and of which, at the time he was hired, he may reasonably be supposed to be in fact ignorant." *Dowling v. Allen*, 6 Mo. App. 195, affirmed in 74 Mo. 17. This was said of a boy seventeen years of age, who, like the plaintiff in the present case, entered an employment without knowing the attendant risks peculiar to the work intrusted to him. According to the plaintiff's evidence he was never warned of the danger arising from heaping fresh or green coal on the forge, without the precaution of taking measures to cause the gases thereby generated to escape through the flue. This, as the evidence shows, can readily be done by stirring the fire. That his failing to take this precaution caused the accident is logically inferable, and highly probable, not only from his evidence, but from all the evidence. That the elevation of the bellows, the hole in it, and the imperfection of the flue increased the danger, made it all the more imperative upon the defendant to furnish a proper instruction in this behalf. This assignment of error must, therefore, be overruled.

The first instruction for plaintiff is challenged on the ground, that it fails to connect the negligence charged therein with the cause of the accident. This assignment rests upon a misconstruction of the instruction, and must likewise be overruled. After submitting for the jury's finding the various acts of negligence charged, the instruction submits to their finding the further condition that the plaintiff was "injured in consequence thereof," thus distinctly telling them that they must find, as conditions precedent to plaintiff's recovery, both the negligence as charged and its having brought about the injury. The instruction on that head might have been more specific, but it is hardly conceivable that the jury were misled by the abbreviated form into believing that the proof of negligence

alone, without connection with the accident, would warrant a recovery.

The defendant asked, and the court refused to give, the following instruction, which is assigned for error: "The court instructs the jury that, if they find and believe from the evidence that the plaintiff had been at work in defendant's shop for a time long enough to make him acquainted with the dangers incident to an improper handling of a bellows attached to a forge; that he had frequently been at work on the bellows and forge in question, and was old enough to know the danger of an explosion of the bellows when improperly used, and that the accident complained of happened from an incautious handling of said bellows by him, then such was an act of negligence on his part directly contributing to said accident, and he is not entitled to recover."

Defendant contends that a similar instruction was approved by the supreme court in *Dowling v. Allen*, 102 Mo. 218, on the last appeal of that much litigated case. The only instruction given for the defendant in that case, which bears on this question, is the following: "3. If the jury find from the evidence that the shaft and set screw upon which the plaintiff was injured were in the same condition in respect to guards or protection in which they were at the time plaintiff entered defendant's employ, and that the danger of such condition, if any, was open and apparent to common or ordinary observation, the verdict must be for defendant." Now, while in the *Dowling case* the instruction was given for defendant and the defendant appealed, and, hence, it cannot be said that the instruction was approved, yet the difference between the two instructions is very obvious. In the last case the question submitted to the jury, as debarring the plaintiff from

recovery, is that the danger "was open and apparent to common and ordinary observation," while the instruction in the case at bar makes the plaintiff responsible, "if he was in defendant's shop long enough to make him acquainted with the dangers incident to an improper handling of the bellows," although it is admitted by all the evidence that the danger was not an obvious but a hidden danger. The instruction ignores the defendant's duty to inform the plaintiff as to such dangers. The court had fully instructed the jury on the question of contributory negligence in another instruction given for defendant. This assignment must, therefore, likewise be overruled.

The only other complaint is that the verdict is opposed to the weight of the evidence to an extent indicating bias and prejudice on part of the jury, and that the court erred in not vacating it for that reason. We have decided in *Taylor v. Architectural Co.*, 47 Mo. App. 257, that the change made in the practice act by the law of 1891 does not materially affect the principles of appellate procedure; hence, we cannot vacate a verdict because opposed to the weight of the evidence, unless it is so opposed to all the probabilities as to clearly indicate bias. There was substantial evidence to support the plaintiff's case in every element essential to his recovery, nor is there anything highly improbable in his testimony or that of his witnesses, nor does the moderate amount awarded to him by the jury show any prejudice on their part against the defendant.

All the judges concurring, the judgment is affirmed. It is so ordered.