[No. 15354.   Department One.   July 2, 1919.]

MARY SCHWALEN, *Executrix etc., Respondent,* v.
FULLER & COMPANY *et al., Appellants.*[1]

TRIAL (42-1, 43)—MISCONDUCT OF COUNSEL—SHOWING INDEMNITY
INSURANCE.  Upon the trial of cause for wrongful death, plaintiff's
counsel should not be permitted in examining the jurors on their
*voir dire,* to persistently so interrogate them as to suggest that an
indemnity bonding company was interested in the defense of the
action.

MUNICIPAL CORPORATIONS (380, 390)—USE OF STREETS—VIOLATION
OF ORDINANCE—"OBSTRUCTIONS."  The operation of an automobile
with the windshield so covered with rainwater that the driver could
not see where he was going is not negligence, as a matter of law,
as in violation of a city ordinance forbidding the operation of an
automobile so constructed that the driver did not have a clear and
unobstructed view; since rainwater is not an obstruction within
the meaning of such ordinance.

SAME (379, 392)—COLLISION AT CROSSING—MUTUAL RIGHTS AND
DUTIES—INSTRUCTIONS.  Upon an issue of fact as to whether an auto-
mobile accident took place at a city crossing, giving the pedestrian
the right of way, or at the street intersection, it is better, instead
of one instruction, to instruct separately as to the reciprocal rights
and duties of pedestrians and vehicles at crossings and intersections,
and as to the greater hazard in the one case.

COSTS (83)—ON APPEAL—TAXATION—TIME FOR FILING COST BILLS.
Rule 14 of the supreme court (71 Wash., p. ii) providing that the
prevailing party shall within ten days after the filing of an opinion,
file and serve a cost bill, and that if none is filed, the clerk shall
tax certain costs, is mandatory, and a cost bill filed out of time will
be struck out unless good grounds are shown for the default; and
inadvertence of counsel is not a sufficient legal excuse.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered November 26, 1918,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action in tort.  Reversed.

*C. J. Whittemore, Peters & Powell,* and *Kerr &
McCord,* for appellants.

*Stanley J. Padden,* for respondent.

[1] Reported in 182 Pac. 592; 187 Pac. 366.

MACKINTOSH, J.—December 15, 1917, at the intersection of Twelfth avenue and East Union street, in the city of Seattle, the deceased was run into by an automobile owned by the appellant W. P. Fuller & Company, and at the time being operated by the appellant Roy. The complaint charges, among other allegations of negligence, that the automobile was being driven at a dangerous and illegal rate of speed, and that no warning was given of its approach, and that its windshield had been allowed to become covered with rainwater so that the driver was unable to see pedestrians crossing the street. Appellant Fuller & Company, in its answer, denied that Roy was driving the automobile at the time of the accident for its use and benefit, or with its knowledge or consent, or within the scope of his employment, and also plead other affirmative defenses. The appellant Roy, in his separate answer, made similar allegations to those contained in the answer of his co-appellant. Testimony was introduced which indicated that Roy had allowed rainwater to collect on the windshield of the automobile and, by reason of that fact, the driver was unable to see where he was going, and that the accident was due to this cause. Trial resulted in a verdict for the respondent, which was not disturbed upon appellants' motion for a new trial or for judgment notwithstanding the verdict.

Counsel for the respondent, in his examination of the jurors upon their *voir dire,* ingeniously and persistently so interrogated them as to suggest that an indemnity bonding company was interested in the defense of the action. While no direct statement was made that would indicate the interest of such bonding company, yet the impression was created that such interest existed. A matter presented as was this must be left to the ethics of the profession and the discretion

of the trial judge, but where a course of conduct is persisted in apparently with the purpose of prejudicing the jury, the exercise of a wise discretion should call for a ruling which would discontinue such conduct.

A trial amendment was made to the pleadings which allowed the introduction of a city ordinance [§ 112] providing:

"No person shall drive any vehicle that is so enclosed, constructed or loaded as to prevent the driver thereof from having a clear and unobstructed view of the front, rear and on both sides   .   .   ."

and based upon the pleading and introduction of that ordinance, the court gave the following instructions:

"I instruct you that, on December 15, 1917, it was unlawful for any person to drive any vehicle that was so enclosed as to prevent the driver thereof from having a clear and unobstructed view to the front of said vehicle."

And the further instruction that:

"You are instructed that a violation of a positive law is in itself negligence. But you are further instructed in this regard, that whether or not such negligence would entitle plaintiff to recover would depend on whether or not such negligence was the approximate cause of the injury."

The pleading, evidence and instructions in this regard were directed to the fact that, at the time of the accident, rainwater had accumulated upon the windshield to such an extent that the driver's view was impaired.

Rain, fog or snow are not "obstructions" within the meaning of this ordinance, which clearly has reference to mechanical obstructions, either permanent or temporary, in the "enclosing, construction or loading" of the vehicle, such as would prevent the free vision of the driver. Such words, in the connotation used,

cannot, without violence, be applied to natural atmospheric conditions.

There being no other evidence in the case in regard to the violation of this ordinance except that referring to rain upon the windshield, such alleged violation is not proved. The court could properly have charged the jury as to the common law negligence of the driver in permitting the windshield to become clouded and to find whether, under the circumstances, that was negligence or not and the proximate cause of the injury, but it was prejudicial error to have instructed the jury that the situation constituted negligence as matter of law. *Tergeson v. Robinson Mfg. Co.*, 48 Wash. 294, 93 Pac. 428; *Jock v. Columbia & P. S. R. Co.*, 53 Wash. 437, 102 Pac. 405; *Rastelli v. Henry*, 73 Wash. 227, 131 Pac. 643.

The traffic ordinances of Seattle give the pedestrian the right of way at street intersections or crossings in the district which was the scene of this accident. The contention of the respondent was that the collision took place upon the crossing; while the appellant's evidence tends to show that it occurred at the intersection. The court, in its instructions, combined a definition of the rights and duties at street crossings and intersections in one instruction. These instructions, possibly, were there no other error in the case, would not be sufficiently erroneous to entitle appellants to a new trial; but, upon the retrial of the case, it would be better to instruct separately as to the reciprocal rights and duties of pedestrians and vehicles at street crossings and intersections, and thus present appropriate instructions which the jury could apply to the case as they find the fact to be as to the exact location of the collision. Although the pedestrian may have the right of way at both places, the jury would have a

right to be informed that greater hazard attended the pedestrian in one situation than in the other.

The evidence claimed by appellant Fuller & Company to entitle it to judgment notwithstanding the verdict, on the ground that it showed appellant Roy was not acting under the direction of Fuller & Company or within the scope of his employment, is not sufficient to transform the question from one of fact to one of law, and the court was therefore correct in denying the motion.

We have not passed seriatim on all of the errors assigned, although we have considered them and have given a general view of such matters as we consider justify the granting of a new trial.

Judgment reversed and the cause remanded for a new trial.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.

### ON MOTION TO STRIKE COST BILL.
[Decided December 10, 1919.]

PER CURIAM.—Respondent has moved to strike the cost bill served and filed by appellants herein from the files of the court, for the reason that the cost bill filed shows upon its face that it was not served or filed within the time provided by law and by the rules of this court. The same having been served on July 16, 1919, and the opinion of the court having been filed on July 2, 1919, more than ten days had elapsed from the filing of the opinion until the serving and filing of the cost bill.

It is contended by appellants, in resistance to the motion to strike the cost bill, that Rule 14 of this court relating to the service and filing of cost bills is not mandatory but directory only, and that it is within the

discretion of the court to enforce the same. That rule provides:

"(1) The prevailing party shall, within ten days after the filing of the opinion in a case, file with the clerk a cost bill, and serve upon the adverse party a copy thereof. If any adverse party objects to any item or items thereof, he shall serve upon the prevailing party exceptions to such cost bill, together with affidavits in support of his exceptions, if desired, and file the original, with proof of service, with the clerk of the court within ten days after service of the cost bill upon him; whereupon the clerk shall tax the costs to which the prevailing party is entitled, and shall notify the parties of such taxation. Either party may except to the taxing of any item or items, or failure to tax the same, and shall serve such exceptions on the adverse party and file the same with the clerk within ten days after such taxation. Said exceptions shall be heard by the court on the first motion day after the expiration of five days from the date of service of such exceptions. If the party fail to appear at such time, the court will consider such exceptions upon the affidavits on file and the records in the cause, and determine the same.

"(2) If no cost bill is filed and served, the clerk will tax as costs only the clerk's costs, printing of briefs at seventy-five cents per page, the statutory attorney's fee, and the cost of the transcript, statement of facts and abstracts, at the rate of five cents a folio.

"(3) Where a cost bill has been served and filed in time, and no exceptions are filed, objection thereto will be deemed to have been waived." 71 Wash., p. ii.

It is the opinion of the court that this rule is mandatory and not directory merely, and must be complied with in order that the prevailing party may have costs taxed according to its cost bill, except only in cases where good grounds are shown which would be sufficient to relieve the party in default for failure to file and serve such cost bill within the time required by the rule.

16—107 WASH.

In this case, no excuse other than inadvertence of counsel for the prevailing parties, appellants, has been shown. This is not sufficient legal excuse. The motion to strike must therefore be granted, and the costs will be taxed by the clerk under the rule.