[No. 15877. Department Two. July 21, 1920.]

FREDERICK N. BULGER, *by his Guardian ad Litem*
*F. W. Bulger, Respondent,* v. OLATAKA YAMAOKA,
*Appellant.*[1]

MUNICIPAL CORPORATIONS (389)—STREETS—AUTOMOBILES — NEGLI-
GENT USE—EVIDENCE—SUFFICIENCY. Whether the driver of an auto-
mobile could have seen a child in time to avoid striking him, is a
question for the jury where there was evidence that he was driving
slowly, the view across a parking strip was unobstructed, the child
passing over a space of seventeen and one-half feet before entering
the paved highway, which was twenty-five feet from curb to curb.

SAME (392)—AUTOMOBILES—DEGREE OF CARE—DUTY OF DRIVER AT
ALLEY INTERSECTIONS. In an action for personal injuries in striking
a child emerging from an alley intersection in a residential section
where children were playing on the street, it is not error to refuse
instructions limiting the care to be exercised by automobile drivers
to street intersections.

SAME (392)—INSTRUCTIONS. In an action for personal injuries
to a child four years of age, struck by an automobile, an instruction
as to the due care to be exercised if the driver saw the child ap-
proaching, need not include the restriction, "if he appreciated the
danger of the situation," where it was apparent that the child was
unaware of the automobile's approach.

Appeal from a judgment of the superior court for
King county, Samuel H. Steele, judge *pro tempore,*
entered September 19, 1919, upon the verdict of a jury
rendered in favor of the plaintiff, in an action for per-
sonal injuries sustained by a minor struck by an auto-
mobile. Affirmed.

*Shank, Belt & Fairbrook,* for appellant.
*Tucker & Hyland,* for respondent.

TOLMAN, J.—The respondent, by his guardian *ad
litem,* brought this action to recover for personal in-
juries occasioned by an automobile operated by appel-

[1]Reported in 191 Pac. 786.

lant's minor son coming into collision with respondent while he was riding upon a roller or skate coaster. The cause was tried to a jury, which rendered a verdict for $500 in respondent's favor, and this appeal is from a judgment upon the verdict.

So far as necessary for an understanding of the points raised here, the facts may be briefly stated as follows: At the time in question, appellant's automobile, a Stutz right-hand drive, was being operated by his fifteen-year-old son on Highland Drive, a street in one of the residence sections of the city of Seattle. The car was proceeding westerly along the right-hand side of the street, and as it approached the intersecting alley between Seventeenth and Eighteenth avenues, some children were observed to be playing upon the street. Whether or not the driver sounded his horn is one of the disputed facts in the case, but it is admitted that the car slowed down, and the children moved to the left and out of its pathway, and thereupon the driver increased the speed of the car, which speed was variously estimated at the instant of the collision to have been from twelve to twenty miles per hour. Respondent, a child of four years of age, upon his coaster, which was impelled by pushing with his left foot upon the ground, emerged from the alley on the south side of the street at about the time the children in the street stepped aside, and proceeded across the street on such a course as to bring him into collision with the automobile.

In order to establish negligence upon the part of the driver of the automobile, the jury had to find that, in the exercise of ordinary care, he could or should have seen the respondent in time to avoid the collision. We have carefully examined the evidence upon this point and are thoroughly satisfied that there was

abundant evidence in the case from which the jury could so find. While it is true that there was a garage at the corner of the alley, built out to the property line, thus preventing any extended view up the alley until the driver approached very closely to the alley line projected, and there was a telephone pole at each side of the alley in line with the parking strip, and there were children playing in the street; yet it is also shown that there was an inner parking strip three feet wide, the width of the sidewalk, six feet, and an outer parking strip of eight and one-half feet, or the space of seventeen and one-half feet over which respondent passed after emerging from the alley and before entering the paved driveway, which was twenty-five feet wide from curb to curb, and the jury might well have found from the evidence that the children were not in a position to obstruct the driver's view; that the telephone pole could not obscure respondent for a single instant, and that, had he exercised ordinary care, the driver must have seen the respondent in ample time to have avoided the accident.

This view of the evidence disposes of all of the assignments of error based on the supposition that the case should not have been submitted to the jury. The remaining assignments are based upon the instructions given and refused.

Appellant complains because the trial court did not instruct that the driver is not bound to use the same degree of care in looking out for pedestrians at alley intersections as he is at street intersections, and while no direct authority to that effect is produced, it is argued that, while an alley is in a sense a public thoroughfare, yet it is intended as a convenience to the occupiers of abutting property, and that the crossing of a street at an alley intersection by a pedestrian is

comparatively rare. We do not find it necessary, under the facts in this case, to lay down any rule on this subject. This automobile was being driven through a residential section of the city where children were admittedly playing on the street, and whether respondent came from the alley, the sidewalk, or some portion of the street, is important only as evidencing the opportunity the driver had to see him in time to avoid the collision. It is not contended that a driver, under the conditions here shown, may, between street intersections, limit his view to the roadway immediately in front of him, relying upon his having the right of way, solely, and stop only when someone appears directly in his pathway. Since such is not the rule, the several instructions asked for upon this subject would have been of no assistance to the jury, and might have been confusing.

An instruction was given to the following effect: If you find from the evidence that the driver, before the collision, saw, or, acting as a reasonably prudent person, should have seen, the plaintiff approaching and crossing the street, and if you further find that the driver, after observing the plaintiff approaching, or after he should have seen him so approaching, in the exercise of ordinary care should have slowed down, turned aside, or stopped, and thereby avoided the collision, and that the plaintiff was injured by reason of the driver's failure so to do, then and in that case you should find for the plaintiff. Complaint is made that there should have been included in this instruction words to the effect that, when the driver saw, he appreciated the danger of the situation. That might be a proper element to include in some situations, but we think here, if the driver saw a four-year-old child impelling a coaster swiftly towards an oncoming auto-

mobile, apparently unaware of its approach, he would be guilty of a want of ordinary care if he did not appreciate the danger, hence the instruction was proper as given.

We have examined the instructions given, and are satisfied that they clearly and fairly gave to the jury the law applicable. The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.