Michael Jake SCHWEITZER, a minor, by and through his guardian ad litem, Alice Schweitzer, Plaintiff and Appellant,

v.

Ardeen ANDERSON, Defendant and Respondent.

Alice SCHWEITZER, Plaintiff and Appellant,

v.

Ardeen ANDERSON, Defendant and Respondent.

Nos. 7565, 7566.

Supreme Court of North Dakota.

May 13, 1957.

Rehearing Denied June 13, 1957.

Lanier, Lanier & Knox, Fargo, for appellant.

Nilles, Oehlert & Nilles, and E. J. Murphy, Fargo, for respondent.

BURKE, Judge.

The plaintiffs in these actions sought to recover damages for injuries which they allege were proximately caused by the defendant's negligent operation of an automobile. The plaintiff, Michael Jake Schweitzer, a minor, asked damages because of a broken leg, suffered when he was struck by a car driven by the defendant. The plaintiff, Alice Schweitzer, mother of Michael, asked damages because of necessary expenses incurred and time lost from work, during the treatment and convalescence of her son. The two cases were consolidated for the purposes of trial and a trial of the issues to a jury resulted in a verdict for the plaintiff in each case. Defendant thereafter moved in the alternative for judgment notwithstanding the verdict or for a new trial in each case. The trial judge granted the motions for judgment notwithstanding the verdicts and such judgments were thereupon entered. The plaintiffs have appealed from these judgments.

At the outset of our consideration of these appeals, we must first dispose of a motion to strike from the statement of the case an affidavit of Mrs. Marian Hennings, one of the witnesses at the trial. Upon the motion of the defendant this affidavit was incorporated into and certified by the trial judge as a part of the settled statement of the case. In this affidavit the witness gives her explanation of conflicting statements which appear in the testimony she gave at the trial. Clearly the affidavit has no proper place in the statement of the case. The function of a statement of the case is to provide a record of all of the evidence taken and the proceedings had upon the trial of the case. Section 29–1806 NDRC 1943. Afterthoughts of witnesses or counsel are not a part of that record. If a witness at a jury trial wishes to explain any conflicting testimony, the explanation should be made to the jury during the trial so that they can pass upon the credibility of the explanation as well as that of the original testimony. The motion to strike is granted.

Upon the merits of these appeals there are but two questions. The first is whether the evidence is sufficient to sustain a finding by the jury of actionable negligence on the part of the defendant. The second is whether the evidence shows contributory negligence on the part of the plaintiff, Michael Schweitzer, as a matter of law.

On the day of the accident, the defendant, Ardeen Anderson, together with her friends Mrs. Hennings, Mrs. Patterson, and Mrs. Cysewski left their place of employment at about 10 minutes to 12 o'clock noon to go to the Powers Hotel for lunch. They were all employed at the offices of the Firestone Company which are located on 5th Ave. North between 13th St. and 14th St. in Fargo. They all rode in the car driven by Mrs. Anderson. Mrs. Cysewski sat in the front seat with Mrs. Anderson and Mrs. Hennings and Mrs. Patterson sat in the rear seat. After leaving their place of employment they proceeded south on 13th St. or 14th St. to 4th Ave. North where they turned east. They then proceeded east on

4th Ave. North to a point about 130 feet east of 10th St. where the accident occurred. Along the route they traveled they passed the Woodrow Wilson School which is located on 4th Ave. between 12th St. and 13th St. The school is an elementary school and as she drove by Mrs. Anderson saw the children who had just been dismissed for the noon recess. When she arrived at the intersection of 4th Ave. and 10th St., she stopped before proceeding through the intersection because of a "stop light". After crossing this intersection she proceeded at a speed which she stated was from 10 to 15 miles per hour. On the south side of 4th Ave. east of the intersection were two parked cars. It was about 100 ft. from the corner to the first of these cars. According to the defendant, as she was about to pass the first of these cars the plaintiff, Michael Schweitzer, ran out from between the two cars. She saw him first when he was two or three feet away from her right front fender. She immediately applied her brakes but did not attempt to avoid striking the plaintiff, Michael, by turning to the left "as there wasn't time". The defendant was positive in her statements that she was constantly watching the street ahead, that she was not engaged in conversation with the other occupants of her car and that she did not see Michael at anytime until he "darted" out from between the two parked cars.

Mrs. Cysewski testified that immediately before the accident she didn't remember that Mrs. Anderson was talking to the ladies in the back seat, that she believed that she was not talking to them but could not be positive.

When asked concerning a conversation between the ladies immediately prior to the accident, Mrs. Patterson testified:

"Well we were looking at Mrs. Hennings' gloves. Maybe we were saying something, I don't know.

*    *    *    *    *    *

"Q. What brought up the examination of the gloves? A. Well, I believe she was playing a joke with them.

"Q. What kind of a joke? A. Just moving her fingers around like that (demonstrating) with the gloves sticking out.

"Q. There was some amusement between you because of what she was doing? * * * A. Between her and I, yes.

"Q. And that, of course, was participated in by the driver, Mrs. Anderson? A. No I don't believe so.

*    *    *    *    *    *

"Q. Do you remember any conversation between you in relation to that glove trick or whatever it was? A. No, I think I just laughed.

"Q. Mrs. Anderson didn't laugh? A. I don't remember if she laughed or not.

"Q. As a matter of fact you don't completely recollect whether she participated in that or laughed or not, do you, Mrs. Patterson? A. I believe she didn't."

When asked concerning the foregoing incident Mrs. Hennings testified:

"A. It didn't cause too much of a commotion. We were just laughing a little bit because I was sitting there waving my fingers.

"Q. And you were waving at whom? A. At Eleanor.
"Q. That is Eleanor Patterson? A. Yes. That is right.

"Q. Did Mrs. Anderson participate in any degree in this incident? A. She noticed it and was laughing a little. Not too loudly. She was laughing a little bit about it.

"Q. Which way was she looking just before the accident happened, if you know? A. I think at me, I am not sure.

*    *    *    *    *    *

"Q. Now, what called the accident to your attention? A. Mrs. Anderson screamed.

\* \* \* \* \* \*

"Q. So far as you observed she was looking straight ahead? A. I would say so.

\* \* \* \* \* \*

"Q. In the traversing of this quarter of a block did you know which way she was looking? A. I know she didn't look back at us."

At the time the accident occurred Michael Schweitzer was a pupil in the second grade at the Woodrow Wilson School. He lacked 9 days of being 7 years old. On his way home from school at noon he proceeded eastward on the southside of 4th Ave. After he crossed the intersection at 10th St. and 4th Ave. he started to run. He ran eastward on the sidewalk until he was approximately opposite the opening between the two parked cars, he then turned north and continued running across the 18 ft. boulevard, between the two parked cars and directly into the path of the car driven by the defendant. He did not see the car at any time. He admitted that he did not look for any cars before entering the street. He also stated that he had been told in school to cross streets only at intersections and not to enter a street from between parked cars.

Respondent contends that this evidence is not sufficient to support the jury's finding of negligence on the part of the defendant. The appellants assert, however, that the evidence supports a finding that the defendant was negligent in failing to maintain a proper lookout or in failing to take advantage of an opportunity to avoid hitting the plaintiff, Michael, by turning her car sharply to the left after she saw him in a position of danger.

▊ Questions of negligence and proximate cause are ordinarily questions of fact for the jury. It is only where the state of the record is such that reasonable men can draw but one conclusion therefrom that they become questions of law. Spenningsby v. Peterson, N.D., 67 N.W.2d 913; Lusty v. Ostlie, N.D., 71 N.W.2d 753; Geier v. Tjaden, N.D., 74 N.W.2d 361.

As we interpret the evidence, it is established, beyond dispute, that as defendant proceeded eastward on 4th Ave. from its intersection with 10th St., the plaintiff, Michael, was in clear view on the sidewalk to her right and remained in view until after he turned northward to cross the boulevard and enter the street. It is also clear from defendant's testimony that she did not see the plaintiff, Michael, at any time until he suddenly emerged from between the two parked cars and stepped in front of her car. There is a dispute in the testimony as to whether the defendant was distracted from her duty to maintain a proper lookout by the antics of one of the passengers in the back seat. The defendant testified that she was constantly looking straight ahead but confined her lookout to the narrow lane which she expected to traverse and saw nothing outside of the limits of the street itself. Mrs. Hennings, who sat directly behind the defendant testified that the defendant noticed her manipulation of her gloves and was laughing a little bit about it and that she thought the defendant was looking back at her just before the accident. Mrs. Hennings also testified that the defendant did not look back at her. There was no attempt at the trial to explain this contradiction. Both Mrs. Patterson and Mrs. Cysewski testified that they didn't believe the defendant took any part in the by-play that Mrs. Hennings started but they could not be sure. It was also established that defendant had passed by a primary school about two and a half blocks west of the place of the accident. The school had been dismissed a short time before she passed and she noticed the children in the vicinity of the school.

▊ It is a generally accepted rule that a motorist must exercise a higher degree of care toward children than toward adults.

Olesen v. Noren, 161 Minn. 113, 201 N.W. 296; Volkmann v. Fidelity & Cas. Co. of N. Y., 248 Wis. 615, 22 N.W.2d 660; Woodward v. Spring Canyon Coal Co., 90 Utah 578, 63 P.2d 267. And he must exercise this care to avoid injuring children whom he sees or by the exercise of reasonable care should see on or near a highway. Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, Sec. 1492, p. 386; Pavone v. Merion, 242 N.C. 594, 89 S.E.2d 108; Read v. Daniel, 197 Va. 853, 91 S.E.2d 400.

■■ Because of the fact that the plaintiff, Michael, was clearly within the view of the defendant from the time she crossed 10th St. until after he had left the sidewalk, turned northward and committed himself to a course which would intercept that of defendant's car and because less than three blocks to the west of the place of the accident defendant had passed an elementary school and had seen the children who had just been dismissed, the jury could have concluded that the maintenance of a reasonable lookout by the defendant included watching the sides of the street for children who might reasonably be expected to be there on their way home from school, as well as the center of the street, and that the defendant therefore should have seen the plaintiff, Michael, both before and after he had started running toward the street and that if she had so seen him she could with reasonable care have avoided the accident. When children may be expected along a street a motorist may not limit his view to the roadway ahead of him but has a duty to watch the sides of the street as well. Bulger v. Olataka Yamaoka, 111 Wash. 646, 191 P. 786; Cotant v. U. S., D.C., 103 F. Supp. 770. As we view the facts in this case, whether defendant failed to see Michael because she didn't look or because she was distracted by her passengers' antics is not important.

■ We are also satisfied that the appellant, Michael, cannot be held guilty of contributory negligence as a matter of law. As has been stated Michael was nine days less than seven years old at the time of the accident. A child can only be held to that degree of care which ordinarily prudent children of its age and experience are wont to use under like circumstances. Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Sec. 1522 p. 456. This court has had occasion to consider the question of the contributory negligence of young children on three occasions. In one of these cases we held that a child three and a half years old could not be guilty of contributory negligence. In the other two we held that the question of the contributory negligence of a boy nine years old and a boy seven years and seven months old was for the jury. See Ruehl v. Lidgerwood Rural Tel. Co., 23 N.D. 6, 135 N.W. 793, L.R.A.1918C, 1063; Dubs v. Northern Pac. R. Co., 42 N.D. 124, 171 N.W. 888; and Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644, respectively. There are a few isolated cases in which children of the approximate age of the plaintiff, Michael, have been held to be guilty of contributory negligence as a matter of law. In most jurisdictions in this country, however, the rule is that a child of Michael's age is either incapable of contributory negligence or that the question of such a child's negligence is always one of fact for the jury. Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Sec. 1521, pp. 450, 451, 452. Since the question of negligence on the part of a child of Michael's age requires an evaluation of his capacity, experience and judgment, it is difficult to see how any court could say that a verdict founded upon such considerations could be so clearly wrong that no reasonable man could agree to it. We think the better rule therefore is that the question is one which should be left for the jury.

The judgments appealed from must therefore be reversed. The motions for new trials made in these cases were not considered by the trial court and there are no orders with respect to these motions before

us for review. The case is therefore remanded to the district court with leave to the defendant to renew such motions if she so desires.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.