WARNKEN & COMPANY *vs.* LANGDON MERCANTILE COMPANY.

Opinion filed December 28, 1898.

**Conditional Sale—Property Removed from Foreign State—Title—Waiver.**

Where personal property owned by a co-partnership in Manitoba, as vendor, under conditional sale notes reserving title in it, is brought into this jurisdiction by the vendee, without its authority or knowledge, its title to such property continues until defeated by a voluntary waiver thereof. In an action by the vendor to recover in conversion the value of such property, the defense of waiver of title is for the jury, where the evidence is not clear and convincing.

Appeal from District Court, Cavalier County; *Sauter, J.*

Action by T. J. Warnken and Bertha Warnken, co-partners as Warnken & Co., against Charles Chrisholm and Charles Hunter, co-partners as the Langdon Mercantile Company. Verdict for defendants. From an order refusing a new trial, plaintiffs appeal.

Reversed.

*J. C. Monnet,* for appellants.

*W. J. Kneeshaw,* for respondents.

YOUNG, J. Plaintiff, as alleged owner, seeks to recover from defendants in conversion the value of certain personal property, which it is conceded was taken and sold by it under a certain chattel mortgage, but, as it claims, lawfully. At the close of plaintiffs' case, upon defendant's motion, a verdict was directed in its favor. Motion for a new trial was made, and overruled. Plaintiff appeals. The evidence shows that on December 15, 1894, the plaintiff, which does business at Morden, in the province of Manitoba, made a conditional sale of certain personal property, the value of which is involved in this action, to one Andrew Albers, then a resident of Manitoba, the purchaser giving the plaintiff his four notes therefor, each of which contained this recital: "The title, ownership, and right of possession of the property for which this note is given shall remain in B. Warnken & Co. until this note, or any renewal thereof, is fully paid, with interest." Shortly afterwards Albers, without the knowledge or consent of plaintiff, brought this property into this state, and on March 16, 1895, mortgaged it to the Citizens' State Bank of Langdon, to secure a joint note given by himself and one Zado to the bank for a loan. Without commenting upon the weight of certain evidence which plaintiff contends shows that this note was in fact paid, for the purposes of this opinion it is sufficient to state that, by a series of transfers, it came into the hands of the defendant, who, in December, 1895, took the property, under the mortgage securing it, and sold it at foreclosure sale. It developed during the trial that the plaintiff had sent the Manitoba title notes to the Citizens' Bank of Langdon for collection, and that the cashier thereof had, on July 24, 1895,

taken two new notes, due in one and two years, as collateral to the title notes, and secured such new notes by taking a chattel mortgage upon this same property. The extent of the authority given to the bank by plaintiff is not clear. Neither does it clearly appear that the plaintiff was aware that this mortgage had been taken, until it was developed at the trial. It was shown that the cashier refused to surrender the title notes to the maker. When plaintiff rested its case, defendant moved for a directed verdict, upon the ground that plaintiff had failed to show ownership of the property, and that the chattel mortgage subsequently taken amounted to a waiver of the reservation of title in the original Manitoba notes, and rendered the sale absolute to Albers. Verdict was directed as requested. This is specified as error, and we think it was. It is not disputed that the legal effect of the original conditional sale notes executed in Manitoba was to effectually reserve the title and ownership of the property in the plaintiff, as well as to give it the right to reclaim possession, even as against an innocent purchaser for value. Such was the construction given to this class of notes in *Sutherland* v. *Mannix,* 8 Man. Rep. 541. It is clear that plaintiff still held the title of the property at the time of the trial, unless the legal effect of the Manitoba title notes has been in some manner modified. Counsel for respondent contends that the chattel mortgage executed by Albers on July 24, 1895, at the request of the cashier of the bank, as security for the debt, amounted to a waiver of title, and rendered the sale to Albers absolute. That such a waiver may be made is well settled. It is also true that a court will determine the legal effect of transactions evidenced by contemporaneous written instruments, and conclude therefrom whether the transaction so evidenced is a conditional sale with title reserved or sale absolute. Such was *Milling Co.* v. *Lowry* (Mont.) 12 Pac. Rep. 652, and *C. Aultman & Co.* v. *Silha* (Wis.) 55 N. W. Rep. 711. And will also give effect to the unequivocal acts of the vendor, such as soliciting, obtaining, and foreclosing a chattel mortgage upon property to which it, as vendor, apparently held title by reservation under a conditional sale. Such was *Machine Co.* v. *Lewis* (Kan. Sup.) 35 Pac. Rep. 12: "It is true that it is entirely at the option of the vendor whether he will waive the condition or not. It requires his voluntary act." *Upton* v. *Cotton Mills,* 111 Mass. 446. In *Kenney* v. *Ingalls,* 126 Mass. 488, the Court said: "The defendants, however, requested the judge to rule, and now contend as matter of law, that the condition had been waived by the plaintiff, and the sale had become absolute. Whether there had been a waiver is to be determined by the jury upon the facts proved. There may be such a state of facts that the Court would be called upon to instruct the jury, as matter of law, that there had been a waiver. Ordinarily, however, the question of waiver involves so much the intention and purpose of a party, which are to be inferred from the facts proved, that it is necessary to submit the question to a jury." Construing the evidence most favorably to plaintiff, against

whom the verdict was directed (*Pirie* v. *Gillitt,* 2 N. D. 255, 50 N. W. Rep. 710), we are far from satisfied that the evidence shows conclusively that plaintiff has voluntarily done any act 'amounting to a waiver of title. The question of waiver in this case was one for the jury, under proper instructions. It does not appear that plaintiff attempted to enforce the mortgage, or relied upon it in any way, and the evidence indicates that it did not know it had been taken. The Court erred, therefore, in assuming as matter of law, that there had been a waiver, and in directing a verdict for defendant. *Vickery* v. *Burton,* 6 N. D. 245, 69 N. W. Rep. 193; *McRea* v. *Bank,* 6 N. D. 353, 70 N. W. Rep. 813. The order overruling the motion for new trial is reversed, judgment vacated, and new trial ordered. All concur.