111 N. W. 619.

---

PETER P. ZINK v. JAMES W. LAHART.

Opinion filed February 20, 1907.

**Trial — Conflict in Testimony — Directing Verdict.**

1. When there is a substantial conflict in the testimony, it is reversible error to direct a verdict. Such action by the court is a clear invasion of the province of the jury, as the jury, and not the court, must determine the credibility of the witnesses.

**Same — Admonitions to Witness.**

2. Certain admonitions by the trial judge to the defendant, while on the witness stand, but not in the presence or hearing of the jury, were not prejudicial to the rights of defendant.

Appeal from District Court, Foster County; *Burke, J.*

Action by Peter P. Zink against James W. Lahart. Judgment for plaintiff. Defendant appeals.

Reversed and new trial ordered.

*C. J. Maddux, T. F. McCue* and *S. L. Glaspell,* for appellent.

Where there is conflict of testimony case must go to jury. 1 Thompson on Trials, 1037; 30 Am. & Eng. Enc. of Law, 1063; Slattery v. Donnelly, 1 N. D. 264, 47 N. W. 375; McRea v. Hillsboro Nat'l Bank, 6 N. D. 353, 70 N. W. 813; Vickery v. Burton, 6 N. D. 245, 69 N. W. 193; Cameron v. G. N. Ry. Co., 8 N. D. 124, 77 N. W. 1016; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Heckman v. Evanson, 7 N. D. 173, 73 N. W. 427; Sioux City & Pac. R. R. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745.

It is error for the court during the examination of a witness to impose upon the jury by words or conduct his own belief as to the

credibility of the witness. 30 Enc. of Law 1066; McMinn v. Whee-lan, 27 Cal. 300; Barlow Bros. v. Parsons, 49 Atl. 205; State v. Lucas, 33 Pac. 538.

A trial court should not express its opinion as to the credibility of witnesses or the weight of their testimony, and the expression of such opinion is held to be material error for which the judgment may be reversed. 21 Enc. of Pl. and Pr. 997; Sharpe v. State, 10 S. W. 228; People v. Vindleberger, 34 Pac. 852; Hudson v. Hudson, 16 S. E. 349; Feinber v. People, 51 N. E. 798; People v. Hare, 57 Mich. 505, 24 N. W. 843; Cronkhite v. Dickinson, 16 N. W. 371; State v. Allen, 69 N. W. 274.

*F. Baldwin,* for respondent.

It is the court's duty to direct a verdict, when it would be compelled to set aside one other than that so directed. 46 Cent. Dig. Sec. 392, Col. 1252.

The court should have been asked to submit the case, and have pointed out the testimony relied upon. 2 Cent. Dig. Col. 1770, Sec. 1395, etc.

FISK, J. This appeal is from a judgment of the district court of Foster county rendered in plaintiff's favor, pursuant to a verdict directed by the court. The action was brought to recover the purchase price of certain flax which plaintiff claims to have sold to defendant in the fall of 1902. Such sale was specifically denied by the answer, and this was the sole issue in the case. Testimony was introduced by plaintiff showing delivery of the flax to one Byfield at Melville, and tending to show that this man, Byfield, in the purchase thereof was merely acting as defendant's agent or servant. Certain admissions claimed to have been made by defendant to this effect were proved by plaintiff. Defendant flatly denied that Byfield was in his employ, or that he acted for him in the purchase of said grain, and he specifically denied that he had any interest with Byfield in the grain business at said place, other than the fact that he had loaned $2,000 to Byfield to enable him to carry on such business. At this juncture in the trial the judge excused the jury from the court room, and administered to the defendant the following admonition: "The court admonishes the witness that this is a court of justice and no farce, and the court is not satisfied with the testimony given and warns him at this time that, if the testimony should at the close of the examination disclose that he has testified to that

which is not true, criminal prosecution will be started immediately." To this deliverance of the court counsel for defendant excepted and stated that no further testimony would be offered. Both parties having rested, the court, on plaintiff's motion, directed the jury to return a verdict for the plaintiff, and this is assigned as error.

It is clear that this action of the court was erroneous. There was a square conflict in the testimony as to whether Byfield was either defendant's agent or servant in the purchase of the flax, and it was not for the court to say, as a matter of law, that defendant perjured himself in giving his testimony as he did. This was a clear invasion of the province of the jury. If there is one question more firmly settled than any other, it is that in cases where there is a substantial conflict in the evidence the triors of the facts have the exclusive right to pass upon the credibility of the witness. The importance of exercising great caution in taking a case from the jury has frequently been emphasized by this court. McRea v. Hillsboro Nat. Bank, 6 N. D. 353, 70 N. W. 813; Slattery v. Donnelly, 1 N. D. 264, 47 N. W. 375; Vickery v. Burton, 6 N. D. 245; Cameron v. G. N. Ry. Co., 8 N. D. 130, 77 N. W. 1016. The rule is well stated in Thompson on Trials, Vol. 1, sections 1037, 1038.

Appellant's only other assignment of error is based upon the action of the court in administering to defendant the admonition above mentioned. In view of the fact that a new trial must be ordered, it is deemed unnecessary to consider this assignment at any length. Suffice it to say that, while we do not think such action on the part of the trial court is to be commended, and while we believe the administration of justice would be subserved equally well if trial courts would refrain from such practices, still we are not prepared to say that the same was prejudicial error. The jury was excused from the court room, and we cannot presume, in the absence of an affirmative showing to that effect, that the jury would have acquired knowledge of or have been influenced in the least by such statement.

The judgment of the district court is reversed and a new trial ordered, with costs to appellant. All concur.