# OLSON v. RIDDLE.

## (132 N. W. 655.)

**New trial — discretion — review.**

1. Although trial courts are vested with a large discretion in granting or refusing new trials, such discretion is a legal discretion, and appellate courts will not hesitate to interfere for the protection of litigants in a clear case of abuse of such discretion.

**New trial — abuse of discretion.**

2. Record examined, and *held,* that none of the grounds assigned as reasons for granting a new trial are tenable, and in making the order granting such new trial the lower court clearly abused its discretion.

Opinion filed September 6, 1911. Rehearing denied October 10, 1911.

Appeal from District Court, McLean county; *W. H. Winchester,* J.

Action by Sigrid Olson against Coleman Riddle. Verdict for plaintiff, and from an order granting a new trial plaintiff appeals.

Reversed.

*R. S. Frazer, J. J. Coyle,* and *O. B. Herigstad,* for appellant.

*McCulloch & Gibson,* for respondent.

Fisk, J. Plaintiff recovered a verdict in the court below for the sum of $700 as damages for the destruction, by fire, of her barn and its contents through defendant's alleged wrongful or negligent acts. In due time defendant made a motion for a new trial upon the following statutory grounds: (1) Insufficiency of the evidence to justify the verdict; (2) the verdict is against law; (3) errors in law occurring at the trial and excepted to by the defendant; and (4) newly discovered evidence. Such motion was based on a statement of case duly settled and on certain affidavits. From an order granting such motion, this appeal is prosecuted.

Note.—For the authorities on the question of liability for setting, upon one's own premises, a fire which spreads to the property of others, see note in 36 L.R.A. (N.S.) 194.

As to the duty of one not responsible for kindling of fire to prevent its spread from his premises, see note in 6 L.R.A.(N.S.) 882.

It is well settled that such an order will not be disturbed in the appellate court, unless it is clearly apparent that in making the same the trial court abused its discretion. It is likewise well settled that such order will not be disturbed if any of the grounds urged for a new trial are tenable.

We will notice each of the grounds of such motion in the order above enumerated.

1. Was the evidence insufficient to justify the verdict? Briefly stated, the record discloses that defendant and one Dwyer called at plaintiff's home about noon of July 5, 1907, with a team of horses and buggy, and after hitching the team to the corner of plaintiff's barn, or near there, they entered plaintiff's house and requested, or ordered, her to prepare dinner for them, which she did. After dinner defendant went out to his buggy, lit a cigar, throwing the lighted match into a cotton quilt which he had for a lap robe, which quilt caught fire, and, after making some effort to extinguish the fire, defendant hung the quilt on the corner of the barn and drove away, leaving it there. Shortly afterwards plaintiff discovered her barn on fire, and she testified that such fire started at the place where the quilt was discovered. It is an undisputed fact that the barn was completely destroyed by fire, and that two horses were killed and certain harness and other personal property destroyed. It is also undisputed that plaintiff was the owner of such property. Defendant admits that the quilt was discovered on fire by him, and that he took it out of the buggy and left it at plaintiff's place, and he does not dispute plaintiff's testimony that he stated to her subsequent to the fire that he would pay her for the damage if he had the money. In fact, defendant nowhere seriously disputes the fact that such fire was caused by him. The proof discloses that there was a high wind blowing on the day of the fire, and while it is disclosed that defendant, on discovering the fire in the quilt, immersed the same in the water trough, and all concerned supposed the fire was thereby completely extinguished, subsequent events inevitably lead to the conclusion that they must have been mistaken, and that, after defendant left such quilt on the barn, the wind fanned the smouldering sparks into a flame. Dwyer testified positively that he did not go into the barn, nor did he smoke on the place except in the house, and the testimony discloses that no one but defendant and Dwyer were in

22 N. D.—10.

the immediate vicinity of the barn just preceding the fire. While respondent's counsel urge that the proof discloses that the fire in the quilt was completely extinguished, and that there is no proof tending to show the origin of the fire, we think it reasonably certain from all the facts and circumstances disclosed by the proof that defendant caused such fire; at least it was clearly a question of fact within the province of the jury to decide, and its finding in plaintiff's favor could not rightly be disturbed by the trial court.

Respondent's contention that there is no competent evidence of the value of the property destroyed is clearly devoid of merit. The plaintiff testified that she bought the material and built the barn and well house and paid the expense of the labor; and knows what they cost. She also swore that she knew what said buildings were worth, and fixed their value at $300. Such testimony is undisputed. She also swore that one of the horses which was destroyed was worth $250 and the other $130, and that the harness and other personal property was worth, in the aggregate, $88.90. That she was a competent witness as to such values is clearly apparent. We therefore have no hesitancy in concluding that the evidence is amply sufficient to sustain the verdict, and the order complained of cannot be sustained on such ground.

2. Is the verdict against law? In support of an affirmative answer to this question, respondent's counsel advance the novel doctrine that, although defendant did set the fire in the quilt, he was bound to exercise only ordinary diligence to prevent it from spreading, and they cite in support thereof Baird Bros. v. Chambers, 15 N. D. 618, 6 L.R.A. (N.S.) 882, 125 Am. St. Rep. 620, 109 N. W. 61. We are unable to concur in this view. Nor does the case cited support such contention. It was there merely held that defendant, who "did not kindle the fire and was in no manner responsible for the kindling thereof," could not be held liable for damages caused by the fire, unless his failure to extinguish it after discovering it was due to some omission of duty on his part. It is true that in the opinion it is, among other things, stated that "even if the defendant had himself set the fire, he was bound to exercise only ordinary care and diligence to prevent it from spreading." But such language must be construed in the light of the facts in the case, which were that such fire was started on defendant's premises, and not on the premises of another. It may be true that, when a

person rightfully sets a fire on his own premises, he should be held to the exercise of but ordinary care and diligence in preventing it from spreading. We think the trial court correctly instructed the jury under the evidence that, if they should find that the property in question was destroyed by and on acount of the defendant setting the fire, they should find for the plaintiff. Such instruction is not challenged on the ground that it states an incorrect rule, but merely on the ground that there was no testimony to sustain a verdict for plaintiff. Even if erroneous, the giving of such instruction could not be urged in support of the contention that the verdict is against law. We must therefore conclude that such verdict is not vulnerable to attack on the above ground.

3. Does the record disclose any errors of law occurring at the trial sufficient to warrant a new trial? We feel obliged to answer this question in the negative. Some of the alleged errors relied on are already sufficiently disposed of by what we have heretofore held. The others have been carefully considered and are without substantial merit.

4. Counsel for respondent do not attempt to support the order granting such new trial upon the ground of newly discovered evidence. They merely state that the trial court had a right to take into consideration the affidavits of Montz and Stophlet as bearing on the credibility of plaintiff and the reliability of her testimony. Conceding this, there is no material discrepancy between such affidavits and plaintiff's testimony, with the possible exception of the portions thereof regarding the place where the fire first broke out. It is stated in the Montz affidavit that in a conversation with plaintiff about ten days after the fire, the latter said to affiant that the fire first broke out at the northeast corner of the barn. But such affidavits were clearly improper to be considered. They fall far short of showing newly discovered evidence, and the question of the credibility of plaintiff's testimony was for the jury, not the court, and in any event such question could not be determined except from the evidence in the record.

It necessarily follows from what we have above held that there exists no proper or tenable ground upon which the trial court could legally have exercised any discretion in disposing of defendant's said motion, and consequently it was an abuse of discretion to make the order appealed from.

Reversed.