[File No. 5978.]

J. P. QUASCHNICK, Appellant, v. THORALF O. SANDBO, Respondent.

(239 N. W. 164.)

Opinion filed November 9, 1931.    Rehearing denied November 25, 1931.

*E. C. Wilson,* for appellant.

*F. M. Jackson,* for respondent.

BURR, J. Plaintiff seeks to recover upon an alleged contract to pay for the support and maintenance of one Ray.

September 16, 1930, the jury returned a verdict in favor of the plaintiff for $229.10 after defendant had moved for a directed verdict. The defendant then in open court gave notice of motion for a new trial or for judgment notwithstanding the verdict. Judgment was entered, and notice thereof served upon the defendant on October 18, 1930. The defendant obtained a stay of all proceedings for ninety days and, later, upon an ex parte showing, he was granted another stay of proceedings to expire February 21, 1931. Execution was issued on February 25th, and on March 19, 1931, the defendant, upon another ex parte application, obtained a further stay of proceedings until April

15, 1931. At this time he served a "motion for judgment notwithstanding the verdict, and in the alternative for a new trial," to be heard on April 7, 1931. This motion is based upon insufficiency of the evidence to justify the verdict, that "plaintiff failed to prove a cause of action against the defendant," and errors of law occurring at the trial which include alleged errors in instructions to the jury.

The plaintiff failed to appear at the hearing and on April 11, 1931, the court signed an order granting a new trial on the grounds set forth in the order, viz.:

"That the court erred to the prejudice of the defendant herein in instructing the jury that there was a primary and secondary liability on said oral promise to answer for the debt of a third party;" and

"That the defendant was entitled upon his motion to a directed verdict upon all of the evidence set forth by the parties to said action."

From this order the plaintiff appeals.

The appellant urges the trial court had no jurisdiction to hear and determine the motion for a new trial because it had extended time without good cause being shown. The application for extension of time made in March, 1931, is based upon the affidavit of counsel for the respondent wherein he states the delay in having the motion for new trial brought on for hearing was occasioned by the difficulty in reaching the trial judge.

The trial court did not lose jurisdiction to hear and determine a motion for a new trial by the mere fact of extending the time for making the application and for further proceedings. The motion for new trial was brought on for hearing and was determined by the trial court before the time for appeal from the judgment had expired. Section 7666 of the Comp. Laws says: "The court or judge may, upon good cause shown, in furtherance of justice, extend the time" on an application for a new trial based upon a statement of the case or affidavits. Appellant did not appear at the hearing and question the "good cause" shown. Passing upon such a matter is a judicial act and, even if we determine that "good cause" was not shown, that finding would not be tantamount to a holding that the trial court had no jurisdiction to pass upon it. Granting an extension of time without good cause being shown is merely a judicial error, and does not amount to a loss of jurisdiction.

The first ground in the motion for a new trial is that the evidence is insufficient to sustain the verdict. The trial court did not grant the new trial on this ground, but on the ground that he had erred in not granting the motion for a directed verdict. This ruling on the motion for a directed verdict raises a question of law and therefore the trial Judge in granting this new trial granted it on the theory that he had erred in a matter of law. See Rokusek v. National Union F. Ins. Co. 50 N. D. 125, 195 N. W. 300. Not having filed a memorandum opinion when granting the new trial, as required by § 7945, Comp. Laws 1913, and not stating in the order that he granted the new trial because of the insufficiency of the evidence, the presumption is the new trial was not granted on such ground. See statute and Pratt v. Huber Mfg. Co. 41 N. D. 301, 171 N. W. 246. Therefore this appeal being from the order granting the new trial because of error of law we do not review the evidence, except so far as to determine whether the court erred in holding that he should have directed the verdict. See First Secur. Bank v. Bagley Elevator Co. ante, 140, 237 N. W. 648. In this respect there is no difference between a motion for a directed verdict and a motion for judgment notwithstanding the verdict.

It is unnecessary to set out the evidence. The one great issue in the case was whether the defendant had entered into a contract with the plaintiff to pay for the support and maintenance of this man Ray. If he did he would be required to pay for such support and maintenance. If he did not make such contract then the defendant was not liable. If it were merely a contract to pay Ray's debt if Ray did not pay it the plaintiff could not recover because it is conceded the agreement was not in writing.

There was a square conflict of testimony in this case. The plaintiff and his wife testified explicitly that the defendant asked them to furnish support and maintenance for said Ray and told them he would pay for it—to charge it to him. If he did so the contract was made with him and it was immaterial to whom the support and maintenance were given. The defendant denied he made such a contract, or any contract. The trial court fully and fairly instructed the jury in regard to the necessity for proving that defendant entered into this contract as his own. There is plenty of corroborative testimony to

support the contention of the plaintiff that such contract was made, and the jury found for the plaintiff. Clearly the defendant was not entitled to a directed verdict as there was a very substantial conflict in the testimony, and it was for the jury to determine the credibility of the witnesses. Zink v. Lahart, 16 N. D. 56, 110 N. W. 931; State Bank v. Hurley Farmers Elevator Co. 33 N. D. 272, 156 N. W. 921; Lake Grocery Co. v. Chiostri, 34 N. D. 386, 158 N. W. 998. Therefore the trial court was not in error in denying directed verdict. On the contrary it was an error of law for the court to so hold, and to grant a new trial on that ground.

In the motion for a new trial the defendant alleged numerous errors on the part of the court in the trial of the case. There are six of these allegations of error, and four of them deal with the matters which are involved in the sufficiency of the evidence.

Another deals with alleged error in permitting the plaintiff to show that Ray had assigned a life insurance policy to the defendant as compensation. Plaintiff claimed defendant so stated when the contract was made and if this be so it could be construed as reason assigned why defendant incurred the obligation. The patient could not live long and defendant was secure—hence he could undertake the expense. Thus there was no error in permitting the testimony. It was relevant to the issue as showing the probability of the agreement the plaintiff alleges was made with him and as part of the conversation.

The defendant claimed the court erred in instructing the jury; that the jury had the right to determine from the evidence whether a certain set of facts made the defendant "primarily liable" or "secondarily liable." The court had already charged the jury that the burden of proof was upon the plaintiff to prove the defendant "made a promise to pay the plaintiff for the room and care of Mr. Ray," and further that if they did not so find they should bring in a verdict for the defendant. The court then instructed the jury that if they found from the evidence "by a fair preponderance of the evidence that such promise was made, then you will proceed further and determine whether said promise under our statute should be in writing." The court then read the law in regard to what contracts are invalid "unless the same or a note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent," enumerating "a special.

promise to answer for the debt or default or miscarriage of another." It is true this was an erroneous instruction. It was not for the jury to say whether or not a certain promise should have been in writing. It was for the jury to determine whether defendant himself incurred the debt so that the debt was his own, or whether he merely agreed to pay some other person's debt. If the former no writing was required. Requiring the jury to pass upon the law in the case was error. However it was error prejudicial to the plaintiff rather than to the defendant. Despite the fact that this matter was submitted to the jury, the jury found in favor of the plaintiff and thus found that it was a primary obligation of the defendant, his own debt—for no one claims the agreement was in writing. Hence such error in instruction was harmless so far as the defendant is concerned, and constituted no ground for a new trial.

Upon examination of the whole case we are satisfied the appellant has shown that the order granting the new trial should not have been made. Such order therefore is reversed and the judgment ordered for the plaintiff on the verdict is re-instated with costs to appellant, but without prejudice to the right of the defendant to press his motion for a new trial on the ground of the insufficiency of the evidence if he desires to do so.

CHRISTIANSON, Ch. J., and BURKE, J., concur.

BIRDZELL, J. (dissenting). Being unable to interpret the order appealed from as do the majority of the court, I am constrained to dissent.

The statute, § 7945 of the Compiled Laws of 1913, provides:

"With all orders granting or refusing a new trial the judge shall file a written memorandum concisely stating the different grounds on which his ruling is based, and unless the insufficiency or unsatisfactory nature of the evidence is expressly stated in such memorandum, as a reason for granting the new trial, it shall be presumed, on appeal, that it was not on that ground."

We have held that where no memorandum is filed with an order granting a new trial and the order itself recites that the court is of

the opinion the evidence is insufficient to support the verdict, the supreme court, in reviewing the order, must assume that the trial court determined the evidence to be insufficient. Kavanaugh v. Nestler, 45 N. D. 376, 177 N. W. 647. In the instant case no memorandum was filed, but the trial court signed an order containing the following: "That the defendant was entitled upon his motion to a directed verdict upon all of the evidence set forth by the parties to said action." Instead of granting a judgment notwithstanding the verdict, as the court was authorized and directed by statute to do if it then appeared that the defendant was entitled to have had granted the motion for a directed verdict (§ 7643, Compiled Laws of 1913, as amended by chapter 133, Session Laws of 1921 and chapter 335, Session Laws of 1923), the judge ordered a new trial. This order, in light of the statutes referred to, in my judgment, shows plainly that the trial court thought the evidence insufficient to support the verdict rendered in favor of the plaintiff and that on this account a new trial was awarded. It amounts to an expression of judicial opinion as to the sufficiency of the evidence.

I think the expression in the order in question that the defendant was entitled upon all of the evidence to a directed verdict is an express statement that the evidence is insufficient to support a verdict for the opposite party within the statute, § 7945, supra. The case does not seem to me to be distinguishable in principle from Kavanaugh v. Nestler, supra. While the words used in the orders in the two cases are somewhat different, in my opinion they are substantially the same in meaning. Each order conveys the thought that a new trial is granted on account of the insufficiency of the evidence to support the verdict.

NUESSLE, J. (dissenting). I am unable to agree with the opinion of the majority of the court. It seems to me, considering the order granting a new trial as a whole, that the same evidences the opinion of the trial judge that the evidence was insufficient to support the verdict for the plaintiff, and that he exercised his discretion in ordering a new trial so that the ends of justice might be attained. Accordingly the order should be affirmed. See Martin v. Parkins, 55 N. D. 339, 213 N. W. 574. If the trial judge was not actuated by this

thought, to be consistent he should have ordered judgment for the defendant notwithstanding the verdict for the plaintiff.

## On Petition for Rehearing.

BURR, J.   Appellant, in his motion for rehearing, asks the court to withdraw from the opinion the statement that the decision rendered is "without prejudice to the right of the defendant to press his motion for a new trial on the ground of the insufficiency of the evidence, if he desires to do so." The motion is based on two grounds—that the notice of entry judgment rendered on the verdict was given to the defendant "more than six months prior to the decision," and, that the trial court has already passed on the question of the sufficiency of the evidence adversely to the defendant.

Neither point is well taken. Within the time specified by statute the defendant made his motion in the alternative for judgment notwithstanding the verdict, or for a new trial and submitted it to the court.

There is evidence tending to show the contract to be an original agreement between the plaintiff and defendant and therefore not necessary to be in writing; and there is evidence tending to show it to be an agreement to answer for the debt of another.

The trial court granted a new trial on the theory he should have granted the motion for a directed verdict. By doing so the trial court held that not only was there no evidence to sustain the verdict, but also that there was no probability this lack of evidence could be supplied. To this extent only the court passed on the question of the sufficiency of the evidence, by holding there was no evidence whatever showing an original contract. Thus the court held it to be an "error in law occurring at the trial" when he overruled this motion for a directed verdict; being the ground for new trial set forth in subd. 7 of § 7660, Comp. Laws.

The record shows the judgment of the trial court was based largely upon an erroneous theory regarding the nature of the contract, a theory which is untenable. Thus a directed verdict should not have been granted, and it was not an "error in law occurring at the trial" to deny the motion.

But the trial court, finding there is proper evidence, has not passed upon the question of its insufficiency to justify the verdict. He rejected the evidence because of its nature. There may be evidence sufficient to require submission to the jury, and yet under all the showing made, the court, in its discretion, may consider it insufficient to justify the verdict.

Finding there is proper evidence, the defendant may not care to press the motion for new trial on the ground of the insufficiency of the evidence, or if he does so the trial court, in its discretion, may say that such evidence being proper is amply sufficient, and thus rule on the ground stated in subdiv: 6 of said § 7660—insufficiency of the evidence to justify the verdict—set forth in the alternative motion. The trial court has not yet exercised its discretion in this respect. The petition for rehearing is denied.

CHRISTIANSON, Ch. J., and BURKE, J., concur.