[File No. 6073.]

STATE OF NORTH DAKOTA for the Benefit of the Workmen's Compensation Fund of the State of North Dakota and John J. Brazerol, Respondent, v. YELLOW CAB COMPANY, a Corporation of Bismarck, North Dakota, Appellant.

(245 N. W. 382.)

Opinion filed October 4, 1932.   Rehearing denied December 1, 1932.

*Conmy, Young & Conmy,* for appellant.

*Thomas J. Burke,* Assistant Attorney General, *Charles L. Crum* and *Scott Cameron,* for respondent.

735

BURR, J. On November 2, 1929, the Bismarck Dairy Company had paid into the Workmen's Compensation Fund of this State the amount of premiums and assessments determined by the bureau for the insurance of its employees, and John J. Brazerol was in its employ.

On that date Brazerol was injured in the course of such employment by reason of a collision with a car belonging to the defendant, and driven by an employee of the defendant.

Thereafter the Workmen's Compensation Bureau paid doctor's bills, hospital bills, and nurse bills for Brazerol amounting to $747.00, and became obligated to pay Brazerol future compensation because of the injuries which he had received, such payments being awarded to Brazerol because of his claim against the fund on the ground that he was an employee of the Bismarck Dairy Company insured in the compensation fund.

Plaintiff brings this action against the defendant under the provisions of § 20 of the Workmen's Compensation Act of 1919, known as § 396a20 of the Supplement which section provides that, "when

an injury . . . for which compensation is payable . . . shall have been sustained under circumstances creating in some other person than the North Dakota workmen's compensation fund a legal liability to pay damages in respect thereto, the injured employee' . . . may . . . claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act, the North Dakota workmen's compensation fund shall be subrogated to the rights of the injured employee or his dependents to recover against that person, provided, if the workmen's compensation fund shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee or his dependents less the expenses and costs of action."

The jury found in favor of the plaintiff and the defendant appeals on the sole ground that "the court erred in overruling defendant's motion for a directed verdict, made at the close of the entire case."

Such motions should not be granted unless the moving party is entitled to judgment as a matter of law (Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819); and it must appear from the evidence that the party making the motion is entitled to it as a matter of law upon the merits. This does not differ in principle, so far as the evidence is concerned, from a motion for judgment notwithstanding the verdict, and under such a motion the moving party must be entitled to it as a matter of law on the merits. Ætna Indem. Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Meehan v. Great Northern R. Co. 13 N. D. 432, 101 N. W. 183; Dubs v. Northern P. R. Co. 42 N. D. 124, 171 N. W. 888; Scheffield v. Stone, O. W. Co. 49 N. D. 142, 190 N. W. 315; Baird v. Stephan, 52 N. D. 568, 204 N. W. 188.

Such motion will not be granted where there is an issue for the jury to pass upon under the evidence (Zink v. Lahart, 16 N. D. 56, 110 N. W. 931; State Bank v. Hurley Farmers Elevator Co. 33 N. D. 272, 156 N. W. 921), but, in determining the validity of the ruling, the evidence must be considered in the light most favorable to the party against whom the motion is made. Warnken v. Langdon Mercantile Co. 8 N. D. 243, 77 N. W. 1000; John Miller Co. v. Klovstad, 14 N. D. 435, 105 N. W. 164; Schantz v. Northern P. R. R. Co., 42 N. D. 377,

173 N. W. 556; Chubb v. Baldwin Piano Co. 54 N. D. 189, 208 N. W. 975.

Negligence, whether contributory or primary, is a question of fact, never of law unless the facts from which the inference can be drawn admit of but one conclusion. Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016; Pyke v. Jamestown, 15 N. D. 167, 107 N. W. 359; Krauss v. Wilton, 40 N. D. 11, 168 N. W. 172. The questions of negligence and proximate cause become a question of law only when the evidence is such that different minds cannot reasonably draw different conclusions either as to the facts or as to the deductions from the facts. Dougherty v. Davis, 48 N. D. 883, 187 N. W. 616; Martin v. Parkins, 55 N. D. 339, 213 N. W. 574.

With these principals in mind we examine the evidence to determine whether there was any dispute in substantial matters requiring the jury to determine the facts.

This action is triable the same as if brought directly by Brazerol against the defendant for damages, and is subject to the same defenses.

Appellant insists that there is no evidence whatever showing negligence on the part of the defendant, and that though Brazerol was injured it was purely an accident so far as the defendant is concerned; or, if there be any question as to the negligence of the defendant the evidence shows conclusively that Brazerol was guilty of such contributory negligence as bars his recovery.

It was the business of Brazerol, as an employee of the Bismarck Dairy Company, to deliver milk to customers in the city of Bismarck and in doing this he was required to drive a truck, call upon his customers, and, necessarily, deliver milk to residents on both sides of the streets. The employee had stopped his truck on the east side of a street running north and south and undertook to cross at some distance from the pedestrian crossing. He states that before crossing he glanced to the north and to the south and saw cars approaching from each direction. The defendant's car was coming from the north and it appeared to him to be some distance farther away than the car from the south. He determined he had sufficient time to cross the street before the car from the south would reach him and naturally thought the other would take longer time. Just as he reached the west side of the pavement,

738

and was a few feet therefrom, he was struck by defendant's car. There is conflicting testimony as to the rate of speed at which this car was travelling, ranging from eighteen miles to thirty-five miles per hour. There is testimony showing that the injured man was in full view of the driver of defendant's car if the latter had been looking, and that this driver could have seen Brazerol leave his truck and cross the street. There is testimony that the driver of the car did not see him until he was upon him. There is conflicting testimony as to the distances the approaching cars were from the injured employee when he left his truck. There is testimony showing that the defendant's car, at or about the moment it struck Brazerol, came in contact with the curb, jumped into the air a distance of about two feet and travelled on the curb from eighty to one hundred feet though the driver stated he had applied his brakes and shut off his gas and afterwards applied his gas in an effort to avoid a collision. This was offered to show the speed at which the defendant's car was travelling and the carelessness with which it was operated. There is testimony which would minimize or entirely destroy any unfavorable inferences.

We think there was such conflict in the testimony regarding the material matters that required the court to submit to the jury whether these facts showed negligence on the part of the defendant in operation of the car and that this caused the injury of Brazerol.

It is said the injured man was guilty of negligence in crossing the street at a point other than the crossing set apart for pedestrians. Brazerol testified as to the nature of his business and its extent, the number of customers he had to serve, the time allotted for this service and showed how he was required to go on a slow trot from side to side of the street in order to discharge the duties. In doing this he frequently crossed in the middle of the block.

It is not negligence per se for a pedestrian to cross a street at other than the pedestrian crossings. Subdivision c of § 18 of chapter 162 of the Laws of 1927 says "Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, cross walk or intersection shall yield the right of way to vehicles upon the highway." And in Clark v. Feldman, 57 N. D. 741, 224 N. W. 167, we held that a pedestrian crossing the street elsewhere

than at the crossing was under the necessity of continuous observation of approaching traffic and that it was his duty to exercise due care to avoid collisions with vehicles. But this does not absolve a driver from exercising due care. In the case cited we held that "questions of negligence and contributory negligence must be determined with reference to standards of conduct prescribed by law." However, this does not remove contributory negligence from the realm of fact. Under all the circumstances in this case we are constrained to hold that, upon the review of the evidence the jury could find that it was not shown that Brazerol was guilty of contributory negligence.

We have not set forth all of the evidence and it would be useless to do so.

In Sheffield v. Stone, O. W. Co. 49 N. D. 142, 190 N. W. 315, supra, this court held that the questions of negligence, contributory negligence and proximate cause were for the jury and this means that if there was anything in the evidence upon which reasonable men could differ in regard to these points involved then the trial court did not err in denying a motion for a directed verdict.

If there is any substantial evidence whatever upon which the jury could find the defendant negligent and the evidence is such that reasonable men could differ as to whether there was negligence on the part of Brazerol contributing to his injury then it was proper to deny a motion for a directed verdict. The weight of the evidence, whether it could be remedied upon a new trial, and such matters are not involved here.

Judgment therefore is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.