[File No. 6430.]

GUY W. JOHNSON, Respondent, v. S. E. PATTERSON, Appellant.

(270 N. W. 97.)

Opinion filed November 14, 1936.   Rehearing denied December 12, 1936.

*Conmy & Conmy,* for appellant.

*Simpson, Mackoff & Kellogg* and *Theo. B. Torkelson,* for respondent.

BURR, J. This case grows out of an automobile collision. Plaintiff bases his action upon the "negligence, carelessness, wantonness and maliciousness" of the defendant. The defendant admits the collision, denies carelessness and negligence on his part, and sets up a counterclaim.

The verdict was for the dismissal of the action. Judgment was entered pursuant thereto, the defendant's counterclaim dismissed, and the defendant appeals from an order granting the plaintiff a new trial. The motion for a new trial alleges: that the failure to allow damages was because of the passion and prejudice of the jury; the "insufficiency of the evidence to justify the verdict;" and other grounds.

On March 6, 1936, the trial judge signed a memorandum opinion wherein he reviews the evidence to some extent, and says: "The case was tried to the jury and resulted in a verdict for the defendant and

a motion for a new trial was made by the plaintiff on several grounds, one of which is based upon the ground of insufficiency of the evidence to justify the verdict of the jury. We feel well satisfied that a new trial should be granted on that ground. In our opinion the evidence in favor of the Plaintiff was so overwhelming that it is difficult to understand why the jury would bring in a verdict for the defendant under the circumstances."

In this opinion the trial judge sets forth wherein he determines the defense was weak, gives his opinion that the standing and position of the defendant in the community "may have had something to do with action of the jury in this case,"—thus hinting at prejudice—and concludes with this statement: "The attorneys for the Plaintiff may draw an order in conformity with this memorandum opinion."

The order granting a new trial is dated March 18, 1936, was served March 23, 1936, and, together with the memorandum opinion, was filed June 9, 1936.

The appellant urges that the memorandum opinion should be ignored and that the ground of insufficiency of the evidence should not be considered "in view of the fact *that the Court's order* does not state that it was made on this ground and no memorandum opinion was filed as required by the statute."

Appellant admits that the court did write a memorandum opinion and that a copy was furnished his attorneys.

Section 7945 of the Compiled Laws provides: "With all orders granting or refusing a new trial the judge shall file a written memorandum concisely stating the different grounds on which his ruling is based, and unless the insufficiency or unsatisfactory nature of the evidence is expressly stated in such memorandum, as a reason for granting the new trial, it shall be presumed, on appeal, that it was not on that ground."

In view of this statute it is difficult to see wherein it can be claimed, "No memorandum opinion was filed as required by the statute." Where, on a motion for a new trial, the trial court fails to file a memorandum opinion as required by § 7945 of the Compiled Laws, and does not state in the order that he granted a new trial because of the insufficiency of the evidence, the presumption is the new trial was not granted on such ground. Quaschnick v. Sandbo, 61 N. D. 599,

603, 239 N. W. 164; Pratt v. Huber Mfg. Co. 41 N. D. 301, 171 N. W. 246. But the court did write the opinion. Naturally it was signed before the order was drafted, but the opinion and the order were filed at the same time.

It is true *the order granting the new trial* does not specify the grounds upon which it is made nor "upon its face by apt words briefly describe the affidavits, documents, papers and evidence upon which the order is made" as required by § 7944 of the Compiled Laws; but this requirement is not mandatory as the statute says, "the judges may at their discretion refuse to sign orders not so framed and the supreme court may at its discretion dismiss any appeal from an order which is not framed substantially in accordance with the requirements of this section." It is not claimed the trial judge refused to sign an order prepared by the plaintiff, and we are not asked to dismiss the appeal on this ground.

But the memorandum opinion states distinctly that the order granting the new trial is based solely on the question of the insufficiency of the evidence to justify the verdict, or, rather that the verdict returned is not in accordance with the evidence. No other ground is discussed.

"Whether or not a new trial shall be granted rests largely in the sound discretion of the trial court. The action of the trial court in this regard will not be disturbed on appeal unless there is an abuse of discretion, and where a new trial is granted on the ground that the evidence is insufficient to sustain the verdict or judgment, the reviewing court will consider and weigh the evidence only so far as may be necessary to determine the question whether the trial court acted within its discretion. See Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Lemke v. Dougherty, 53 N. D. 382, 206 N. W. 223; Standard Oil Co. v. Kennedy, 54 N. D. 31, 208 N. W. 555.

" 'And the appellate court will uphold the ruling of the trial court granting a new trial on a discretionary ground when it would have refused to disturb the decision of that court had a new trial been denied; and will sustain such order even though the trial court would have been justified in reaching a different conclusion, and although

the appellate court might deem a different conclusion the better one. Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; People v. Goldsworthy, 130 Cal. 600, 62 P. 1074. See also St. Anthony & D. Elevator Co. v. Martineau, 30 N. D. 425, 153 N. W. 416.' Aylmer y. Adams, 30 N. D. 514, 153 N. W. 419." Martin v. Parkins, 55 N. D. 339, 345, 213 N. W. 574, 576.

This does not mean that such discretion will never be reviewed. As shown in the above citation the discretion involved must be a legal discretion and not arbitrary. See also Olson v. Riddle, 22 N. D. 144, 132 N. W. 655; Kohlman v. Hyland, 56 N. D. 772, 219 N. W. 228. Accordingly we reviewed the evidence to determine whether the discretion exercised by the court was a legal and reasonable one or arbitrary.

As we conclude that the order granting the new trial should be affirmed, we do not consider it necessary to set forth the evidence in the case. The trial court was unquestionably in a better position to determine the weight of the testimony than the appellate court. The judge saw the witnesses, observed their demeanor, and was in a position to sense the indefinable atmosphere of the trial. His memorandum opinion shows clearly that he considered this. He analyzes what he considers the weaknesses in the testimony for the defendant and it is clear that in passing upon the quality of the evidence the court was exercising a legal, reasonable discretion. Having done so, his order will not be disturbed, and it is therefore affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.